**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4449**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MALCOLM TYRE KINLOCH, a/k/a Marquise Deray Gadsten,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:21-cr-00612-RMG-1)

_____

Submitted:  April 10, 2025        Decided:  April 14, 2025

_____

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Sean Kittrell, Assistant United States Attorney, William Cole Shannon, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malcolm Tyre Kinloch appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) is unconstitutional—and his conviction therefore infirm—following *New York State Rifle & Pistol Ass'n v. Bruen*, which held that a firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation." 597 U.S. 1, 17 (2022). The Government moves for summary affirmance in light of our recent decision in *United States v. Canada*, in which we considered and rejected the same argument, holding that "[§] 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances." 103 F.4th 257, 258 (4th Cir. 2024) (cleaned up).

The Government contends that Kinloch's sole argument on appeal is foreclosed by *Canada* and, thus, is "manifestly unsubstantial." *See* 4th Cir. R. 27(f)(1). Kinloch concedes that his argument is foreclosed but nevertheless opposes summary affirmance. Because the only issue raised in Kinloch's appeal is foreclosed by our decision in *Canada*, we grant the Government's motion for summary affirmance, and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*